IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARREN LAVON SMILEY, # 186951, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:19cv230-MHT |
| | )             [WO] |
| CHRISTOPHER GORDY, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 28, 2019, Petitioner Darren Lavon Smiley ("Smiley"), an Alabama inmate at the Donaldson Correctional Facility, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 appearing to challenge his 2007 Crenshaw County convictions for robbery and first-degree sodomy. Doc. # 1. On April 2, 2019, this court entered an order directing Smiley to either submit the $5.00 filing fee by April 19, 2019, or file by that same date an appropriate affidavit in support of a motion to proceed *in forma pauperis*.[1] Doc. # 2. The court specifically cautioned Smiley that his failure to comply with its order would result in a recommendation that his case be dismissed. *Id*. at 2.

In an order entered on April 15, 2019, this court extended the time for Smiley to submit the filing fee or apply for *in forma pauperis* status from April 19, 2019, to and including May 6, 2019. Doc. # 5. The court again cautioned Smiley that his failure to

---

[1] The court's order directed the Clerk of Court to send Smiley a form for use in filing a motion to proceed *in forma pauperis.* Doc. # 1 at 1. The court also advised Smiley that his properly completed motion to proceed *in forma pauperis* must include a prison account statement from the account clerk at the Donaldson Correctional Facility containing the account clerk's certified statement of the balance in Smiley's prison account when he filed his habeas petition. *Id*. at 1–2.

comply with its orders would result in a recommendation that his case be dismissed. *Id.* at 2.

On May 14, 2019, after the requisite time passed, the court entered an order granting Smiley an extension to and including June 4, 2019, to submit the filing fee or apply for *in forma pauperis* status.[2] Doc. # 7. Once again, the court cautioned Smiley that his failure to comply with its orders would result in a recommendation that his case be dismissed. *Id.* at 2.

On May 28, 2019, the court received from Smiley a document styled as a "responsive pleading" to the court's May 14, 2019 order. Doc. # 8. In this document, Smiley asserts that he does not wish to proceed *in forma pauperis* in this action, that he currently does not have $5.00 for the filing fee available in his prison account, and that he gives the court permission to withdraw $5.00 for the filing fee "as soon as any monies are deposited in his prison account." *Id.* at 2. The representations by Smiley in this "responsive pleading" do not comply with the directives of the court's orders that he either submit the filing fee or apply for *in forma pauperis* status.

The requisite time (June 4, 2019) has passed, and Smiley has still failed to comply with this court's orders by either submitting the filing fee or filing an affidavit in support of a motion to proceed *in forma pauperis*. Consequently, this court concludes that dismissal

---

[2] The court's order also directed Smiley to file an amended § 2254 petition using the form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Doc. # 7 at 2. The court received Smiley's amended petition on May 28, 2019. Doc. # 9. The amended petition appears to set forth allegations of ineffective assistance of counsel against the attorney who represented Smiley in his state court criminal proceedings.

of this case without prejudice is appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice because Smiley has failed to comply with the orders of this court that he either submit the filing fee or file an affidavit in support of a motion to proceed *in forma pauperis*.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before June 25, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, this 11th day of June, 2019.

                      /s/ Charles S. Coody
                      CHARLES S. COODY
                      UNITED STATES MAGISTRATE JUDGE