IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DARREN LAVON SMILEY, | ) | |
| | ) | |
|    Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv230-MHT |
| | ) | (WO) |
| CHRISTOPHER GORDY, Warden, | ) | |
| et al., | ) | |
| | ) | |
|    Respondents. | ) | |

OPINION AND ORDER

This habeas case is before the court on petitioner Darren Lavon Smiley's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4). The motion will be denied.

I.

The events leading up to filing of the motion are as follows:

March 28, 2019: Smiley, an Alabama inmate at the Donaldson Correctional Facility, filed a pro se

petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2007 Crenshaw County convictions for robbery and first-degree sodomy.

April 2: The magistrate judge entered an order directing Smiley either to submit the $ 5.00 filing fee by April 19 or to file by that date the necessary affidavit to proceed in forma pauperis.[1] The magistrate judge specifically cautioned Smiley that his failure to comply with the court's order would result in a recommendation that his case be dismissed.

April 15: The magistrate judge entered an order extending, from April 19 to and including May 6, the time for Smiley to submit the filing fee or to apply to proceed in forma pauperis. The magistrate judge again

---

1. The magistrate judge's order directed the clerk of court to send Smiley a form for use in filing a motion to proceed in forma pauperis. The order also advised Smiley that his properly completed motion to proceed in forma pauperis must include a prison account statement from the account clerk at the Donaldson Correctional Facility containing the account clerk's certified statement of the balance in Smiley's prison account when he filed his habeas petition.

cautioned Smiley that his failure to comply with the court's orders would result in a recommendation that his case be dismissed.

May 14: After the requisite time had passed, the magistrate judge entered an order giving Smiley another extension, this time to and including June 4, to submit the filing fee or to apply to proceed in forma pauperis.[2] Once again, the magistrate judge cautioned Smiley that his failure to comply with the court's orders would result in a recommendation that his case be dismissed.

May 28: The court received from Smiley a document styled as a "responsive pleading" to the magistrate judge's May 14 order. Response (doc. no. 8). In this

---

2. The magistrate judge's order also directed Smiley to file an amended § 2254 petition using the form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. The court received Smiley's amended petition on May 28. The amended petition appeared to set forth allegations of ineffective assistance of counsel against the attorney who represented Smiley in his state court criminal proceedings.

document, he asserted that he did not wish to proceed in forma pauperis in his habeas action; that he did not currently have $ 5.00 for the filing fee available in his prison account; and that he gave the court "permission" to withdraw $ 5.00 for the filing fee "as soon as any monies are deposited in his prison account." *Id.* at 2.

June 11: The magistrate judge entered a recommendation that Smiley's case be dismissed without prejudice. The magistrate judge found that the representations in the May 28 document failed to comply with the directives of the previous orders that Smiley either submit the filing fee or apply to proceed in forma pauperis.

June 18: Smiley filed objections to the magistrate judge's recommendation.

August 1: The court overruled Smiley's objections, adopted the magistrate judge's recommendation, and

entered a judgment dismissing Smiley's case without prejudice.

August 30: Smiley filed the pending motion for relief from judgment.

II.

In his motion for relief under Rule 60(b)(4), Smiley contends that this court's judgment dismissing this case without prejudice is "void" because the district court clerk's docketing of his March 28 habeas petition indicated that "arrangements had been made on or before March 28, 2019 by an individual with the office of the clerk for the payment of the required filing fee."[3] Motion for Relief (doc. no. 16) at 2. However, Smiley presents no evidence of any such

---

3. A party may request relief from a final judgment on the ground that the judgment is "void." Fed.R.Civ.P. 60(b)(4). "A judgment is 'void' under Rule 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Gill v. Wells*, 610 F.App'x 809, 811 (11th Cir. 2015) (*quoting Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001)).

"arrangement" for the payment of his filing fee. And several times after Smiley's petition was docketed, the magistrate judge entered orders advising him that, before his case could proceed, he had to pay the filing fee or apply to proceed in forma pauperis, and cautioning him that his failure to comply with these directives would result in a recommendation that his case be dismissed. Simply put, Smiley shows no error in this court's judgment dismissing his case without prejudice based on his failure to pay the filing fee or to apply to proceed in forma pauperis; much less does he show that this court's judgment is void.

***

Accordingly, it is ORDERED that petitioner Darren Lavon Smiley's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) (doc. no. 16) is denied.

DONE, this the 4th day of September, 2019.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE